IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

(Office of the Clerk, Potter Stewart U.S. Courthouse, Room 103, 100 East Fifth Street, Cincinnati, Ohio 45202)

| | |
|---|---|
| Ronald Satish Emrit, ) | |
|     Plaintiff (Pro Se) ) | |
| ) | C. A. No. 1 : 17 C V 5 9 6 |
| v. ) | |
| ) | J. BARRETT |
| Memorial Hospital/Joe DiMaggio Hospital, ) | |
|     Defendant ) | M.J. BOWMAN |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

COMES NOW, the plaintiff Ronald Satish Emrit, who is bringing forth this complaint against the sole defendant which has committed negligence or negligence per se in accordance with a jurisdiction that may recognize pure or modified comparative negligence as opposed to contributory negligence and/or assumption of the risk. In bringing forth this complaint, the plaintiff states, avers, and alleges the following:

### I.) NATURE OF THE CASE

1.) The plaintiff alleges that the sole defendant has committed negligence pursuant to the doctrine of res ipsa loquitur in which complicated issues of causation-in-fact or proximate cause need not be shown.

2.) The plaintiff alleges that the sole defendant has either directly committed this act of negligence as a principal acting on behalf of an agent and/or the defendant should be held vicariously liable through the doctrine of respondeat superior (with regards to independent contractors which may be found to be in the scope of employment without engaging in a frolic and detour).

RECEIVED

SEP 1 1 2017

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

1

3.) Accordingly, any agents acting on behalf of the defendant as a principal also have the apparent, actual, express, and implied authority to bind the defendant to contract with regards to any subsequent matters that may be found relevant to a material breach of contract analysis using the parol evidence rule, Statute of Frauds, promissory estoppel (for a substitute for consideration), and/or the doctrine of anticipatory repudiation.

## II.) PARTIES TO THIS LITIGATION

4.) The plaintiff is an indigent, disabled, and unemployed resident of the state of Nevada. His current mailing address is 4529 Townwall Street, Las Vegas, NV 89115. His cell phone number is currently (301)537-8471 and his primary email address is einsteinrockstar2@outlook.com.

5.) The sole defendant is "doing business as" (d/b/a) Memorial Hospital/Joe DiMaggio Hospital. Its principal place of business (ppb) and/or nerve center is located at the following address: 3501 Johnson St, Hollywood, FL 33021. Its telephone number is (954) 987-2000.

## III.) JURISDICTION AND VENUE

6.) Pursuant to Rule 201 of the Federal Rules of Evidence (F.R.E.), the court should take judicial notice that the plaintiff is filing this cause of action in the U.S. District Court for the Southern District of Ohio because of the fact that Hurricane Irma is fast approaching the coast of Southern Florida, and it would be reasonable to assume that the mail/parcel would get lost if it were sent to Florida at this particular time.

7.) As such, the court is requesting that the clerk in the Southern District of Ohio docket this case and appropriately transfer it to the U.S. District Court for the Southern District of Florida if and only if (iff) Hurricane Irma has passed over the whole peninsula of Florida and the postal service is resumed in that region and/or district.

8.) According to Federal Rules of Civil Procedure 8(a)(1), Plaintiff is required to provide "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;"

9.) Because the court does not already have personal or subject matter jurisdiction over this issue, it is necessary to engage in a brief discussion of the court's jurisdiction so that the defendants can not move to dismiss this case based on procedural grounds involving a lack of proper jurisdiction.

10.) Pursuant to 28 U.S.C.A. Section 1332, the U.S. District Court for the Southern District of Florida (as an Article III court) has jurisdiction over this matter because there is complete diversity of jurisdiction between the Plaintiff and the sole defendant.

11.) As an Article III court, the U.S. District Court for the Southern District of Florida also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of the Health Insurance Portability and Accountability Act (HIPAA) and Affordable Care Act (i.e. "Obamacare").

12.) Venue in this jurisdiction is also proper pursuant to 28 U.S.C.A. Sections 1391 and 1400.

13.) Because the amount in controversy exceeds $75,000 (i.e. $250,000 is greater than $75.000), this court also has jurisdiction with regards to that particular issue.

### IV.) STATEMENT OF FACTS

14.) On or around July of 2017, the plaintiff ended up in memorial/Joe DiMaggio Hospital as he had been having suicidal ideations (SI) after having gotten into an argument with his father (Ronald C. Emrit) and sister (Tanya Brooks) on Mother's Day.

15.) There was a mental health technician (MHT) at Memorial Hospital/Joe DiMaggio Hospital that kept talking to the plaintiff in a disrespectful manner which insulted the intelligence and manhood of the plaintiff.

16.) This same mental health technician (MHT) had a Jamaican accent and the

3

plaintiff argues that she was not an American citizen pursuant to the principles of jus soli and/or jus sanguinis.

## V.) COUNT ONE: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED)

17.) Upon discharge, the registered nurses (RN's) and/or certified nursing assistants (CNA's) and/or mental health technicians (MHT's) almost lost the wallet and backpack of the plaintiff (the backpack contained the plaintiff's relatively new Alcatel Android cellphone with downloaded apps).

18.) The fact that the RN's, CNA's, and/or MHT's almost lost the plaintiff's belongings gives the plaintiff a basis for filing a cause of action for the intentional infliction of emotional distress (IIED).

19.) Moreover, there was a Jehova's Witness (of African-American ethnicity) who was originally the roommate of the plaintiff.

20.) This African-American Jehova's witness was so mentally ill that there was a short period of time that he was walking around the psychiatric ward (at Memorial) naked without any clothing.

21.) Because of the fact that the African-American gentleman was walking around the psych ward without clothes, the plaintiff believed in "good faith" that there could have been a distinct possibility that the gentleman was a sexual predator of some type.

22.) Due to the possibility that the plaintiff's original roommate could have been a sexual predator, the plaintiff had a great deal of anxiety and expressed his concerns to the RN's and CNA's at the psych ward at Memorial Health/DiMaggio Hospital.

23.) The plaintiff told the RN's, CNA's, and MHT's at the Memorial Hospital psych ward that he could foresee that he would get into a fight or some kind of physical altercation with his original roommate due to the fact that the plaintiff suspected that

4

he was a sexual predator because of the fact that he was walking around the psych ward naked.

24.) Accordingly, the RN's, CNA's, and MHT's at the psych ward at Memorial Hospital did the right thing by moving the plaintiff to a different room in the psych ward down the hall with a roommate with whom the plaintiff ended up striking up a friendship.

## VI.) PRAYER FOR RELIEF

WHEREFORE, Plaintiff is seeking damages in the amount of $250,000 (two hundred and fifty thousand dollars) against the sole defendant for its commission of the torts of negligence and the intentional infliction of emotional distress (IIED). In bringing forth this prayer for relief, the plaintiff states avers and alleges the following:

A.) This judgment amount of $250,000 would be considered punitive, compensatory, actual, presumed, special, and treble damages for the defendant's commission of the aforementioned tortious acts.

B.) This judgment amount of $250,000 would also be considered to be expectation, reliance, restitution, incidental, and consequential damages for the defendants' commission of a material breach of contract.

C.) While punitive damages are disallowed pursuant to the common law of contracts, Uniform Commercial Code (U.C.C.), and/or Restatement (Second) of Contracts, liquidated damages may also be applicable given that a valid enforceable contract existed between the plaintiff and the sole defendant

D.) Accordingly, a discussion of quantum meruit and unjust enrichment may also be applicable. This contract does not have caveat emptor or "buyer beware" provision.

D.) Plaintiff would also like to seek the equitable remedy of an injunction and/or specific performance mandating that the defendant allow the plaintiff to be re-entered into a longer term program for health care for disabled people with bipolar disorder, schizoaffective disorder, and/or post-traumatic stress disorder (PTSD)

5

Respectfully submitted,

/s/ Ronald Satish Emrit

5108 Cornelias Prospect Drive

Bowie, MD 20720

(301)537-8471

einsteinrockstar2@outlook.com

einsteinrockstar@hotmail.com