UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 17-61812-CIV-WILLIAMS

RONALD SATISH EMRIT,

    Plaintiff (*Pro se*),

vs.

MEMORIAL HOSPITAL/JOE DIMAGGIO
HOSPITAL (sic),[1]

    Defendant.
_____/

## ORDER

**THIS MATTER** is before the Court on Defendant's motion to dismiss (DE 10) to which Plaintiff did not file a response. For the foregoing reasons, Defendant's motion (DE 10) is **GRANTED** and this case is **DISMISSED** for failure to state a claim.[2]

### I.   BACKGROUND

In July 2017, Plaintiff was admitted to Memorial/Joe DiMaggio Hospital (the "Hospital") after having suicidal ideations. (DE 1-1). During Plaintiff's stay at the Hospital, there was a mental health technician ("MHT") that "kept talking to Plaintiff in a disrespectful manner, which insulted the intelligence and manhood of the [P]laintiff." (DE 1-1 at 3). Additionally, Plaintiff's original roommate, an African-American Jehovah's witness, was walking around the psych ward without clothes. (DE 1-1). Plaintiff believed that this roommate was a sexual predator and, as such, Plaintiff experienced a

---

[1] Although Plaintiff listed Memorial Hospital/Joe DiMaggio Hospital as the Defendant, they are separate facilities that are part of the South Broward Hospital District d/b/a Memorial Healthcare System.

[2] Because the Court finds that Plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court need not address the remaining grounds for dismissal advanced in Defendant's motion to dismiss.

1

great deal of anxiety. (DE 1-1). However, once Plaintiff told the Hospital staff that he "could foresee that he would get into a fight or some kind of physical altercation with his original roommate," the staff moved Plaintiff to a different room with a new roommate. (DE 1-1 at 5-6). Upon discharge, Plaintiff alleges that Hospital employees almost lost his wallet and backpack, which contained Plaintiff's relatively new Android cellphone. (DE 1-1).

Plaintiff brought this suit for intentional infliction of emotion distress ("IIED") seeking damages for $250,000. (DE 1-1). On September 11, 2017, pursuant to Plaintiff's request, the Southern District of Ohio transferred Plaintiff's case to this Court. (DE 1-1).[3]

## II. LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement for relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs make a facially plausible claim when they plead factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement' but it asks for more than a sheer possibility that a defendant has acted unlawfully." In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. *Id.* at 1950.

---

[3] Plaintiff originally filed his complaint in the Southern District of Ohio to avoid potential issues related to filing the complaint in the Southern District of Florida during Hurricane Irma.

Although the court resolves all doubts or inferences in the plaintiff's favor, the plaintiff bears the burden to frame the complaint with enough factual matter to suggest that he is entitled to relief. *Twombly*, 550 U.S. at 556. A pleading that offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. *Id.* at 557. Dismissal pursuant to a Rule 12(b)(6) motion is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Shands Teaching Hosp. and Clinics, Inc. v. Beech St. Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (quoting *Hishon v. King & Spalding*, 476 U.S. 69, 73 (1984)). In general, "[p]ro se filings are held to a less stringent standard than those drafted by attorneys and are liberally construed." *Thomason v. Alabama Home Builders Licensure Bd.*, No. 17-11877, 2018 WL 3341663, at *2 (11th Cir. July 9, 2018).

## III. DISCUSSION

Under Florida law, a claim for intentional infliction of emotional distress has four elements: (1) deliberate or reckless infliction of mental suffering, (2) outrageous conduct, (3) causation between the conduct and the emotional distress, and (4) severe emotional distress. *Lincoln v. Fla. Gas Transmission Co. LLC*, 608 F. App'x 721, 722 (11th Cir. 2015) (citing *Thomas v. Hosp. Bd. of Directors of Lee Cty.*, 41 So. 3d 246, 256 (Fla. Dist. Ct. App. 2010)). To demonstrate whether infliction of emotional distress is deliberate or reckless, the plaintiff must show that the defendant's conduct was directed at the plaintiff. *See Baker v. Fitzgerald*, 573 So. 2d 873 (Fla. Dist. Ct. App. 1990). To demonstrate that the conduct was outrageous, the plaintiff must show that the defendant's actions were "so outrageous in character, and so extreme in degree, as

to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro. Life Ins. Co. v. McCarson,* 467 So. 2d 277, 278–79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 (1965)). In determining whether conduct reaches this level, courts must make an objective determination; the subjective response of the person suffering emotional distress does not control. *Liberty Mut. Ins. Co. v. Steadman,* 968 So. 2d 592, 595 (Fla. Dist. Ct. App. 2007). Moreover, whether conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a question of law. *Id.*

Plaintiff asserted a claim of IIIED against Defendant because Defendant spoke to Plaintiff in a disrespectful manner, *almost* lost his belongings, and subjected him to a roommate who roamed the psychiatric ward naked. These facts alone, however, do not sufficiently state a claim of IIED, as required by Florida law. As stated above, to establish a claim of IIED, Plaintiff must demonstrate that Defendant's actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." Plaintiff has failed to do so. In fact, Plaintiff concedes that Defendant "did the right thing," when he complained about his discomfort with his roommate. (DE 1-1 at 5). For the reasons stated above, the Court finds that Plaintiff's complaint is deficient under the Federal Rules of Civil Procedure, even construing it most liberally. *See Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998); *Olsen v. Lane,* 832 F. Supp. 1525, 1527 (M.D. Fla. 1993) ("[T]he *pro se* litigant must still meet minimal pleading standards.").

## IV. CONCLUSION

For the reasons set forth above, the Court finds that Plaintiff has failed to state a claim. Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's motion to dismiss (DE 10) is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 2nd day of August 2018.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: **Ronald Satish Emrit**
5108 Cornelias Prospect Drive
Bowie, MD 20720
PRO SE